IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DERRICK CURRY,<br><br>Plaintiff,<br><br>v.<br><br>LINON HOME DÉCOR,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>1:25cv952 |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss by Defendant Linon Home Décor ("Linon") (Doc. 10), and the motion for leave to file a third amended complaint by Plaintiff Derrick Curry ("Curry"), who proceeds pro se (Doc. 16). The motions are fully briefed and ready for resolution. For the following reasons, Defendant's motion to dismiss will be granted and Plaintiff's motion for leave to file an amended complaint will be denied.

## I. BACKGROUND

The facts are based on the well-pleaded allegations of the second amended complaint, which are accepted as true for purposes of this motion and viewed in the light most favorable to Curry as the non-moving party.

Curry was hired by Linon in 2002, working as a parts manager. (Doc. 7 ¶ 10.) On or around October 31, 2024, he was suspended for three days without pay. (Id. ¶ 12.) The suspension was for

four issues: "two harassment claims, [a] claim of not reporting an accident/injury, and [a] claim of [r]eligion." (Id.)

The failure to report claim stemmed from an incident where Linon employee Odilio Reyes was injured while changing the gas tank on a forklift. (Id. ¶ 22.) Curry was unaware of the injury until several months after it occurred. (Id.) When co-employee Richard Boles became aware of the injury, he and Curry discussed the incident. (Id.) Curry expressed his view that Linon was at fault for not providing proper protective gloves, and protective gloves were later provided to employees. (Id.)

At the time of Curry's suspension, Linon had no policy of punishing failures to report a workplace injury. (Id. ¶ 13.) Additionally, in December 2024, employee Thomas Walker failed to report a workplace injury and was not punished. (Id.)

The harassment incidents had occurred in the summer of 2024 and involved a conversation between Curry and a Linon employee named Tony. (Id. ¶ 23.) Tony had referred to the Mason-Dixon line, then pointed his finger toward the Curry and repeatedly stated "Kamala Harris is a communist." (Id.) In response, Curry stated, "[t]hat is the same word white people said about Martin Luther King Jr.," and then proceeded to make sexually explicit remarks to Tony, asking Tony if he wanted to have sexual relations with President Trump and Tony's own mother, using language Curry

admits was offensive. (Id.) Linon then charged Curry with harassment. (Id.)

The "Religion" claim stemmed from a complaint employee Darrell Scales raised with the Equal Employment Opportunity Commission ("EEOC") involving an undescribed incident on October 31, 2024. (Id. ¶ 17.)

Separately, Curry alleges that a "convicted sex offender is in charge of workplace surveillance cameras," which Curry believes "is a privacy and safety issue." (Id. ¶ 19.) Furthermore, Linon employees John Stigall and Bill Meadows were allegedly involved in a scheme to falsify workplace hours and generate fraudulent checks.[1] (Id. ¶¶ 20-21.)

Curry timely filed a charge of discrimination with the EEOC. (Id. ¶ 7.) A right to sue letter was issued on July 23, 2025. (Id. ¶ 8.) Linon terminated Curry on August 22, 2025.[2] (Id. at 18.)[3]

The initial complaint in this action was filed on October 21, 2025. (Doc. 1.) On February 13, 2026, Curry filed an amended complaint. (Doc. 4.) Eleven days later, Curry filed a second amended complaint. (Doc 7.) The second amended complaint alleges

---

[1] Curry does not connect either the employment of the sex offender or the fraudulent check scheme to a personal harm.

[2] Curry does not discuss the circumstances around how or why he was terminated in his complaint.

[3] Pages 18 through 21 of the complaint are unnumbered.

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); 42 U.S.C. § 1983; and a claim under the "Federal Bank Fraud Statute," 18. U.S.C. § 1344. (Doc. 7 ¶ 1.)

On March 19, Linon filed a motion to dismiss the second amended complaint. (Doc. 10.) After responding to the motion (Doc. 14), Curry moved for leave to file a third amended complaint. (Doc. 16.) Both motions are now fully briefed and ready for decision.

## II. ANALYSIS

### A. Linon's Motion to Dismiss

#### 1. Legal Standards

Curry proceeds pro se. Thus, his complaint is "not . . . scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers").

Moreover, pro se parties are expected to comply with applicable procedural rules. See Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### 2. Title VII and ADEA Discrimination

Beginning with Curry's Title VII and ADEA claims, Linon contends that Curry cannot establish discrimination through direct evidence or indirect evidence under the McDonnell Douglas[4] burden-shifting framework. (Doc. 11 at 7-9.) For direct evidence, Linon argues that "the [c]omplaint contains no allegations of direct

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

evidence demonstrating that any adverse employment action was taken because of [Curry's] race, color, age, or other protected trait." (Id. at 7.) Regarding the McDonnell Douglas analysis, Linon contends that Curry does not allege that he satisfactorily performed his job. Finally, Linon asserts that Curry "does not allege facts giving rise to a plausible inference that [Linon's] actions were motivated by any animus directed at a protected trait." (Id. at 8.)[5]

In order to state a claim for discrimination based on a protected characteristic in violation of Title VII, a plaintiff must "allege facts to satisfy the elements of the cause of action created by that statute." McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015). Title VII makes it unlawful "for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e-2(a)(1).

Under the McDonnell Douglas framework, "an employee demonstrates a prima facie case of race discrimination by showing

[5] Curry's memorandum in opposition to the motion to dismiss (Doc. 14), rather than making legal arguments, attempts to introduce new facts to support his complaint. However, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). Therefore, for purposes of this motion, the court will not consider the facts alleged in Curry's response.

that (1) he is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).[6]

Curry does not plead that he was meeting his employer's legitimate job expectations at the time he was fired. Indeed, Curry notes that he received a write-up for "not wearing the required vest." (Doc. 7 ¶ 14.) Curry also describes a workplace altercation where he used "offensive language." (Id. ¶ 23.) Moreover, Curry does not identify whether his role "remained open or was filled by similarly qualified applicants outside the protected class," Holland, 487 F.3d at 214, whether by a person of a different race or younger age. As a result, Curry has not met his prima facie burden.

Regarding Curry's suspension, in order "[t]o establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that he is a member of the class protected by Title VII,

[6] The elements of a prima facie case under the ADEA are the same for purposes of this case. See Wach v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006).

(2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against those other employees." Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993).

Curry alleges that he was suspended for four reasons: two harassment claims, failing to report a workplace injury, and a "claim of Religion." (Doc. 7 ¶ 11.) Curry alleges that another Linon employee, Walker, was not disciplined for failing to report a workplace injury. (Doc. 7 ¶ 13.) However, Curry does not allege that Walker was outside the protected class or engaged in conduct "comparable in seriousness" to his. Cook, 988 F.2d at 511. Nor does he allege that Thomas was similarly situated with two harassment claims or a religious claim filed against him.

Therefore, Linon's motion to dismiss Curry's Title VII and ADEA discrimination claims will be granted.

### 3. Title VII and ADEA Retaliation Claims

Linon argues that Curry's retaliation claims should be dismissed because "[a]t no point in the entirety of the [c]omplaint does [Curry] attempt to factually tie his termination, or any other conceivable form of adverse job action, to protected activity." (Doc. 11 at 10.)

"In order to establish a prima facie case of retaliation, a

plaintiff must prove three elements: (1) that [he] engaged in a protected activity; (2) that [his] employer took an adverse employment action against [him]; and (3) that there was a causal link between the two events." E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005).

"The filing of an EEOC charge is an activity protected under the ADA." Graves v. Bank of Am., N.A., 54 F. Supp. 3d 434, 443 (M.D.N.C. 2014). Furthermore, termination qualifies as an adverse employment action. See Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011).

However, Curry fails to draw a causal link between his EEOC complaint and termination. "[T]o establish the necessary causation for a retaliation claim, 'the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity.'" Perkins v. Int'l Paper Co., 936 F.3d 196, 214 (4th Cir. 2019) (quoting Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1988)) (emphasis omitted).

Curry does not allege that his termination was related to filing the EEOC charge. Further, the other adverse action that Curry pleads – the suspension without pay – occurs before Curry filed his EEOC charge. (See Doc. 7 ¶ 11.) Therefore, Curry's retaliation claims are dismissed.

**4. FLSA Claim**

Linon contends that Curry's FLSA claim should be dismissed

because Curry "alleges no facts demonstrating the Plaintiff worked overtime or that Defendant failed to pay him overtime or a minimum wage." (Doc. 11 at 11.) Further, Linon contends that Curry "fails to allege any facts showing that his compensation fell below the federal minimum wage." (Id. at 12.)

The FLSA provides a right of action to "employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). "The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purposes." Monahan v. Cnty. of Chesterfield, 95 F.3d 1263, 1267 (4th Cir. 1996) (quoting Lyon v. Whisman, 45 F.3d 758, 764 (3d Cir. 1995)).

Curry has not alleged that he worked overtime without compensation, or that he was not paid the required minimum wage. As a result, he has not pleaded a cognizable cause of action under the FLSA, and it will be dismissed.

**5. 18 U.S.C. § 1344 Claim**

Linon contends that Curry's claim under 18 U.S.C. § 1344 should be dismissed because the statute "does not create a private civil cause of action." (Doc. 11 at 13.) Further, Linon argues that even if there were a private civil cause of action for violations of 18 U.S.C. § 1344, Curry does not allege any harm he suffered from Linon's alleged violations of the statute. (Id.)

Title 18, U.S. Code, § 1344 makes it a crime to "knowingly

execute[], or attempt to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises[.]" The punishment for violating the statute is a fine of "not more than $1,000,000" or imprisonment of "not more than 30 years[.]" 18 U.S.C. § 1344. The statute does not expressly provide for a private cause of action, and other courts who have considered the issue have concluded that no cognizable private civil action flows from this statute. See, e.g., Williams v. Hinson, No. CIVA6071577-HFFWMC, 2008 WL 320146, at *3 (D.S.C. Jan. 30, 2008); Milgrom v. Burstein, 374 F. Supp. 2d 523, 528-29 (E.D. Ky. 2005); Park Nat. Bank of Chi. v. Michael Oil Co., 702 F. Supp. 703, 704 (N.D. Ill. 1989). The court declines to infer a private right of action from this criminal statute. Cf. Doe v. Broderick, 225 F.3d 440, 447 (4th Cir. 2000) (observing that the Supreme Court has been "loath to infer a private right of action" from criminal statutes).

Therefore, Curry fails to state a claim, and this claim will be dismissed.

**6. 42 U.S.C. § 1983 Claim**

Finally, Linon argues that Curry's claim under 42 U.S.C.

§ 1983[7] should be dismissed because Linon is not a governmental body and Curry has not pleaded that Linon acted under color of state law. (Doc. 11 at 14.)

In relevant part, 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). It is well established that "the Free Speech Clause prohibits only governmental abridgment of speech. The Free Speech Clause does not prohibit private

[7] Curry brings a claim under the "First Amendment." (Doc. 7 at ¶ 1.) The court construes this to be a claim under 42 U.S.C. § 1983 for a violation of his First Amendment rights. See Odom v. Ozmint, 517 F. Supp. 2d 764, 767 (D.S.C. 2007) ("if the court can 'reasonably read' the plaintiff's pleadings to state a cause of action, the court should read it as such despite the plaintiff's failure 'to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements'" (quoting Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991))).

abridgment of speech." Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 808 (2019) (emphasis in original).

Curry fails to allege that his rights were violated by "a person acting under color of state law." West, 487 U.S. at 48. Indeed, Curry acknowledges that "[t]he First Amendment only limits government action," while Linon is a "private sector employer." (Doc. 7 at 19.) As a result, Curry's § 1983 claim will be dismissed for lack of state action.

The court now turns to Curry's motion to amend his complaint (Doc. 16.)

**B. Curry's Motion to Amend**

**1. Legal Standards**

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend a complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). After that period, a party may amend only with either the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(1)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). While district courts have discretion to grant or deny a motion to amend, the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would

be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citation omitted); Foman, 371 U.S. at 182 (same).

"[I]f the proposed change advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur Miller, Fed. Prac. & Proc.: Civil, § 1487, at 637 (1991)) (alterations adopted); see Joyner v. Abbott Lab'ys, 674 F. Supp. 185, 190 (E.D.N.C. 1987) (same). "To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." Amaya v. DGS Construction, LLC, 326 F.R.D. 439, 451 (D. Md. 2018) (citing Katyle v. Penn National Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Martin, 980 F.2d at 952. To survive such a motion,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

Rule 12(b)(6) and Rule 15 should be balanced against Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6), and thus Rule 15, protect against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 545, 570 (2007); see Iqbal, 556 U.S. at 678 (2009). When considering whether a Rule 15 motion to amend is futile, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

### 2. Title VII and ADEA Discrimination Claims

Regarding his Title VII and ADEA claims, Curry's Proposed Amended Complaint expands on the incident where Walker was not

reprimanded for failing to report a workplace accident. (Doc. 16-1 ¶¶ 137-151.) Curry adds that Walker is "[w]hite" while he is "[b]lack." (Id. ¶¶ 136, 144.) Curry concludes that "race [is] the deciding factor" in the differential treatment of himself and Walker. (Id. ¶ 152.)

Linon argues that this amendment is futile because Curry "fails to demonstrate that he dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct as the purported comparators without any differentiating or mitigating circumstances that would distinguish their conduct." (Doc. 18 at 6.)

As discussed above, "[t]o establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that he is a member of the class protected by Title VII, (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against those other employees." Cook, 988 F.2d at 511.

Curry's proposed amended complaint does not meet that burden. When pleading comparator evidence, "the complaint . . . [must] establish a plausible basis for believing" that the plaintiff and comparator "were actually similarly situated." Coleman v. Md. Ct.

of Appeals, 626 F.3d 187, 191 (4th Cir. 2010), aff'd sub nom. Coleman v. Ct. of Appeals of Md., 566 U.S. 30 (2012). "A claim of discrimination in the enforcement of employee disciplinary measures by reference to a comparator requires that (1) the plaintiff is a member of a protected class, (2) the plaintiff's prohibited conduct was comparable in seriousness to misconduct of employees outside the protected class, and (3) the disciplinary measures enforced against the plaintiff were more severe than those enforced against the other employees." Seabrook v. Driscoll, 148 F.4th 264, 270 (4th Cir. 2025). This includes alleging that "any impropriety" committed by the comparator "was comparable to the acts [the plaintiff] was alleged to have committed." Coleman, 626 F.3d at 191.

Curry admits in his proposed amended complaint that "[t]he harassment claims brought" against "the plaintiff provided [for] the disciplinary action." (Doc. 16-1 ¶ 89.) The proposed amended complaint contains no allegation that Walker, or indeed any other employee at Linon, was similarly situated with any harassment claim brought against them. Accordingly, Curry has not pleaded that his misconduct was "comparable in seriousness to the misconduct of employees outside the protected class." Seabrook, 148 F.4th at 270. As a result, Curry has failed to plead a valid comparator for his claim. See Coleman, 626 F.3d at 191 (affirming dismissal of Title VII claim when complaint "fail[ed] to establish a

plausible basis for believing" that the plaintiff and comparator "were actually similarly situated.").

Additionally, Curry asserts that a white customer service representative was promoted to the position of Office Manager before he was, despite Curry's "23 year tenure" at Linon. (Id. ¶¶ 157-168.)

A plaintiff makes out a prima facie failure to promote case by demonstrating that "(1) [he] is a member of a protected group, (2) [he] applied for the position in question, (3) [he] was qualified for that position, and (4) the defendants rejected [his] application under circumstances that give rise to an inference of unlawful discrimination." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005).

Curry's proposed amended complaint does not plead the second and fourth elements. Curry does not allege that he applied for the Office Manager position; rather, he says that he was "never asked" about the position. (Doc. 16-1 ¶ 168.) As a result, Curry does not allege that Linon rejected his application, let alone "under circumstances that give rise to an inference of unlawful discrimination." Anderson, 406 F.3d at 268.

Last, Curry's proposed amended complaint adds details about his termination from Linon. He alleges that a Linon employee, "Jim P.," told him the reason for his termination was that he "came at Darrell." (Doc. 16-1 ¶ 317.) He then concludes that "Jim

P.['s] statement is a pretext." (Id. ¶ 321.)

As stated above, under the McDonnell Douglas framework, "an employee demonstrates a prima facie case of race discrimination by showing that (1) he is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Holland, 487 F.3d at 214.

Curry's proposed allegations do not demonstrate that he was meeting his employer's legitimate expectations. To the contrary, Curry adds allegations that he discarded a write-up, which "could be considered grounds for termination" (Doc. 16-1 ¶¶ 220-221) and "did not wear the manager vest for [seven] days," which is also "grounds for termination." (Id. ¶¶ 225-226.)

Accordingly, Curry's proposed amendments to his Title VII and ADEA claims do not cure the defects in his second amended complaint.[8] Therefore, Curry's motion for leave to amend his Title

[8] Curry's only additional allegation in the proposed amended complaint regarding his age is that he was 57 years old, and "the oldest black manager on the warehouse floor" at the time he was suspended. (Doc. 16-1 ¶¶ 93-94.) "[T]o establish a prima facie case of unlawful age discrimination, [Curry] must show . . . he was qualified for the job and met [employer's] legitimate expectations[.]" Warch, 435 F.3d at 513. As discussed above, Curry failed to demonstrate that he met Linon's legitimate expectations, and granting leave to amend his ADEA claim would therefore be futile.

VII and ADEA retaliation claims will be denied as futile.

### 3. Other Proposed Claims

Curry's proposed amended complaint reiterates his claim under the FLSA. (Doc. 16-1 ¶ 1.) He provides additional details about the alleged scheme to cash fraudulent checks. (Id. ¶¶ 270-309.) However, Curry still does not allege that he worked uncompensated overtime hours or was paid at a rate below the federal minimum wage. See Monahan, 95 F.3d at 1267. Therefore, amendment of his FLSA claim would be futile.

Curry's proposed amended complaint also adds claims under various federal and state criminal statutes: (1) 18 U.S.C. § 1961(1) (definition of "racketeering activity"); (2) North Carolina General Statute § 14-217 (criminal bribery of an official); (3) North Carolina General Statute § 14-118.4 (criminal extortion); and (4) North Carolina General Statute § 14-90 (embezzlement of property received by virtue of office or other employment). (Doc. 16-1 ¶ 1.) These statutes are criminal statutes that do not provide for a private cause of action. See Shreve v. Jones, No. 5:19-CV-178-FL, 2020 WL 3076603, at *2 (E.D.N.C. June 10, 2020).[9] Accordingly, he states no claim under

[9] To the extent that Curry was attempting to plead a "civil RICO" claim under 18 U.S.C. § 1964, "in order to have standing [to bring a civil RICO action], a plaintiff must show: (1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation." Hecht v. Com. Clearing House, Inc., 897 F.2d 21, 23 (2d Cir. 1990). Curry alleges no personal harm flowing from an alleged

them.

Finally, Curry's proposed amended complaint adds a claim under the Retaliatory Employment Discrimination Act, North Carolina General Statute § 94-240 et seq. ("REDA"). "Before bringing a REDA claim, a plaintiff must: 'file a written complaint with the Commissioner of Labor alleging a REDA violation,' N.C. Gen. Stat. § 95-242(a); obtain a right-to-sue letter, id. §§ 95-242(a), 95-243(a); and commence a civil action within ninety days of the letter's issuance." Driskell v. Summit Contracting Grp., Inc., 828 F. App'x 858, 868–69 (4th Cir. 2020) (alterations adopted).[10] Curry does not plead in his proposed amended complaint that he exhausted his administrative remedies or obtained a right-to-sue letter. Therefore, Curry's proposed REDA claim would also fail.

Curry's proposed amended complaint is his third attempt to amend his complaint to correct fatal defects. "[T]he interests of justice are not furthered by allowing further amendment when the plaintiff has repeatedly failed to cure deficiencies in prior amendments, or the amendment seeks to raise meritless claims, or otherwise acts in bad faith." Johnson v. Larsen, No. CIV.A.3:99

violation of section 1962 and therefore has no standing to bring a civil RICO claim.

[10] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

CV 582, 2000 WL 34532796, at *1 (E.D. Va. July 7, 2000) (citing Foman, 371 U.S. at 182). Curry's proposed amendment is an attempt to "simply recast[] . . . prior allegations[.]" Id. As a result, Curry's motion for leave to amend his complaint will be denied as futile, and his second amended complaint will be dismissed with prejudice.

**III. CONCLUSION**

For the reasons stated,

IT IS ORDERED that the Defendants' motion to dismiss the second amended complaint (Doc. 10) is GRANTED and the second amended complaint (Doc. 7) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Curry's motion for leave to amend his complaint (Doc. 16) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

November 5, 2026